IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00379-WYD-BNB

DAVID K. JENNER, and
MICHAEL O. BACKUS,

      Plaintiffs,

v.

ARI ZAVARAS, Executive Director, C.D.O.C.,
WARDEN STEVE HARTLEY, L.C.F.,
ASSOCIATE WARDEN TRAVIS TRAIN, L.C.F.,
MAJOR RANDY LIND, L.C.F., and
CASE MANAGER ANTON EVANS, L.C.F.,

      Defendants.

---

## ORDER AFFIRMING AND ADOPTING
## UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

---

THIS MATTER is before the Court on the Defendant's Motion to Dismiss which

was filed on July 2, 2009 (docket #19).  The matter was referred to Magistrate Judge

Boland for a recommendation by Order of Reference dated March 13, 2008.  Magistrate

Judge Boland issued a  Recommendation on December 22, 2008, which is incorporated

herein by reference.  See 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

D.C.COLO.LCivR. 72.1.  Magistrate Judge Boland recommenced therein that

Defendants' Motion to Dismiss be granted and that Plaintiffs' case be dismissed in its

entirety.

More specifically, Magistrate Judge Boland found that "[t]he Complaint's

allegations, the letter from Hartley, and the grievance response from Lind do not support

a reasonable inference that any of the defendants was directly responsible for classifying the plaintiffs as associates to members of the Security Threat Group or that they were in any way involved in refusing the plaintiffs' requests to view their files." Recommendation at 6. Magistrate Judge Boland further found that "the plaintiffs provide only conclusory allegations that the defendants are liable for their injuries because they were in positions of authority, they were notified of the plaintiffs' beliefs that they were improperly classified; and they did not correct the classifications." Id. As such, the allegations are not sufficient to impose liability against defendants. Id. (citing *Davis v. Arkansas Valley Correctional Facility*, 99 Fed.Appx. 838, 843 (10th Cir. 2004).

On January 14, 2009, Plaintiffs filed a timely Objection. Plaintiffs' objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiffs object to the Magistrate Judge's recommendation asserting that Plaintiffs case should proceed against the named Defendants in their official capacity even if it were proper to dismiss against them in their individual capcity at least with respect to injunctive relief. Plaintiffs' objection is overturned. I agree with Magistrate Judge Boland that Plaintiffs have failed to frame their complaint with enough factual matter to show that the defendants personally participated in the alleged constitutional depravation in their official or individual capacities. See *Dawson v. Johnson*, 266 Fed.Appx. 713, 714-16 (10th Cir. 2008). I have also considered the Plaintiffs remaining objections and I find them to be of no merit. Accordingly, the Recommendation is

affirmed and adopted.

Plaintiffs have filed a Motion for Permission to Amend Complaint, filed January 14, 2009 (docket #34). "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.'" *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Id.; *see also Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990); *Brooks v. Bank of Boulder*, 911 F. Supp. 470, 473 (D. Colo. 1996). Untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation." *Frank*, 3 F.3d at 1365. "Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Id.* (quotation omitted). I find that Plaintiffs' motion is denied due to undue delay. Plaintiffs should have been well aware of the need to amend their complaint following the filing of Defendants' Motion to Dismiss. Instead, Plaintiff waited until after the Magistrate Judge had already ruled on Defendants' Motion to file their Motion to Amend. Additionally, Plaintiffs should have been well aware of the facts upon which the proposed amendment is based and they failed to include them in their original complaint.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket

# 30) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss (docket # 19) is **GRANTED**.  It is

FURTHER ORDERED that this case is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Plaintiffs' Motion for Permission to Amend Complaint

is DENIED.

Dated:  February 2, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge